DAVID A. HUBBERT
Deputy Assistant Attorney General

CHELSEA BISSELL (MTBN 58862977)
KENTON MCINTOSH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone: (202) 320-1075 (CB)
Telephone: (202) 514-3768 (KM)
Fax: (202) 307-0054
Email: Chelsea.E.Bissell@usdoj.gov
Email: Kenton.McIntosh@usdoj.gov

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>V.<br><br>JOHNNY L. GRIFFIN III d/b/a LAW OFFICES OF JOHNNY L. GRIFFIN III, and SHARON F. GRIFFIN<br><br>    Defendants. | Case No.<br><br>**COMPLAINT** |

The United States alleges as follows:

1.     This is a civil action by the United States to (1) reduce to judgment the outstanding employment tax assessments against Defendants Johnny L. Griffin III d/b/a Law Office of Johnny L. Griffin III (Mr. Griffin) and Sharon F. Griffin (Mrs. Griffin) and (2) preliminarily and permanently enjoin Mr. Griffin from continuing to incur federal employment and unemployment tax liabilities and from otherwise violating and interfering with the administration of the internal revenue laws.

2. Specifically, the United States seeks to have Mr. Griffin individually, and doing business under any other name or using any other entity, and his representatives, partners, agents, servants, employees, attorneys, and anyone in active concert or participation with them: (1) timely and fully pay in respect of returns first due after issuance of the preliminary injunction Mr. Griffin's FUTA tax, and withholding and FICA tax liabilities, and in this regard make bi-weekly (after each payroll) federal tax deposits (FTDs) for employment taxes and withholdings; (2) timely pay, in accordance with a payment schedule agreed to by the United States and entered by the Court, the employment tax and withholding liabilities in respect of returns first due prior to issuance of the injunction; (3) determine, after each payroll is made, following entry of a preliminary injunction, that the required FTDs have been fully made for the benefit of the IRS prior to issuing checks or making disbursements to any other person; (4) certify his compliance with the above requirements, by providing the IRS revenue officer assigned to this case, currently Melissa Walton, with an affidavit declaring Mr. Griffin's compliance within two banking days after each required FTD is due; (5) not transfer any money or property to any other entity to have that entity pay the salaries or wages of the defendant's employees; (6) not assign any property or make any payments after the preliminary injunction is issued until the employment tax and withholding liabilities, accruing after issuance of the injunction, are first paid to the IRS.

3. This action is authorized and requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States and commenced at the direction of the Attorney General of the United States pursuant to 26 U.S.C. § 7401.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

5. Venue is proper in the Eastern District of California under 28 U.S.C. §§ 1391(b) and 1396. Mr. Griffin and Mrs. Griffin reside in this district. Additionally, Mr. Griffin's principal place of business is in this district, and the events giving rise to this action took place in this district.

**DEFENDANTS**

6. Mr. Griffin and Mrs. Griffin reside at 2219 Buck Creek Ct., Gold River, CA.

7. Mr. Griffin's principal place of business is 1010 F St., Ste. 200, Sacramento, CA.

8. After serving as an Assistant United States Attorney, Mr. Griffin has been operating a private law practice d/b/a Law Offices of Johnny L Griffin III since 2000.

**BACKGROUND**

9. Mr. Griffin has a history of failing to pay taxes for personal liabilities and those of his business.

10. Mr. Griffin and Mrs. Griffin owe federal personal income taxes for tax years 2009 and 2011 through 2020.

11. Mr. Griffin's law office has been accruing employment and unemployment tax liabilities for a range of periods ending March 31, 2010, through at least June 30, 2021.

12. All assessments (personal and business) are based on self-filed returns, except for two, which were assessed by IRS examination: (1) the IRS assessed additional tax for the Defendants' personal income (Form 1040) for the 2009 tax year, which is an agreed deficiency; (2) the IRS assessed additional tax for Mr. Griffin's FUTA tax (Form 940) for the 2014 tax year.

13. To date, no assessments have been contested by Mr. Griffin.

**MR. GRIFFIN'S OBLIGATIONS UNDER THE INTERNAL REVENUE CODE**

14. Under 26 U.S.C. §§ 3102 and 3402, Mr. Griffin, as an employer, must withhold federal income taxes and Federal Insurance Contributions Act (FICA) and Medicare taxes from

his employees' wages. And under 26 U.S.C. § 7501, Mr. Griffin must hold these withholdings in trust for the United States.

15. Under 26 U.S.C. § 3111, Mr. Griffin, as an employer, must pay FICA and Medicare tax on his employees' wages.

16. Under 26 U.S.C.§ 6302 and 26 C.F.R. § 31.6302-1, Mr. Griffin, as an employer, must make monthly deposits of the taxes described in paragraphs 14 and 15 with an authorized United States depository.

17. Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4, and 31.6071(a)-1, Mr. Griffin, as an employer, must file Form 941, Employer's Quarterly Federal Tax Return, on a quarterly basis. These returns are required to report the amounts of income, FICA, and Medicare taxes withheld from Mr. Griffin's employees' wages. The returns must be filed by the last day of the first month following the end of the tax period.

18. Under 26 U.S.C. § 3301, Mr. Griffin, as an employer, must pay a Federal Unemployment Tax Act ("FUTA") tax on his employees' wages. Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-3 and 31.6071(a)-1, Mr. Griffin, as an employer, must file a Form 940, Employer's Annual Federal Unemployment Tax Return. These returns are required to report the amount of Mr. Griffin's FUTA tax for the preceding year. Forms 940 must be filed by the last day of January of the following year.

19. Under 26 U.S.C. § 6151 and 26 C.F.R. § 55.6151-1, Mr. Griffin, as an employer, must pay any taxes due on his employment tax returns without notice or assessment and demand from the IRS and pay them no later than the time Mr. Griffin is required to file the tax returns.

**Count I: Reduce to Judgment the Federal Business Tax Assessments Against Mr. Griffin**

20. During the periods described below, Mr. Griffin employed from 1 to 5 employees, paying wages to them.

21. Mr. Griffin filed the mandatory federal tax returns, but many of these tax returns were filed late resulting in the IRS assessing numerous late filing penalties.

22. Despite repeated efforts by the IRS to bring him into compliance, Mr. Griffin has consistently failed to meet his obligations to withhold tax, make complete federal employment tax deposits, and pay his liabilities. Mr. Griffin's employees received the benefit and credit of federal income tax withholding when they filed their individual income tax returns and credit for having paid FICA taxes (Social Security and Medicare), even though Mr. Griffin failed to withhold and remit hundreds of thousands of dollars of required withholdings to the United States.

23. Mr. Griffin's failure to comply with his employment tax obligations has resulted in significant unpaid Form 941 employment tax liabilities, Form 940 unemployment tax liabilities, and significant amounts of federal income tax withholdings that have never been paid over to the U.S. Treasury. The IRS has assessed these tax liabilities, the unpaid balance of which includes penalties for failure to pay and interest, described in the tables below:

a. Mr. Griffin has been assessed the following Form 941 tax liabilities:

| Tax Period Ending | Basis of Assessment | Date of Assessment | Amount of tax Assessment | Outstanding Balance as of 6/7/2023 |
|---|---|---|---|---|
| 3/31/2014 | Self-Reported | 8/10/2015 | $1,756.02 | $3,725.35 |
| 6/30/2014 | Self-Reported | 8/10/2015 | $1,174.69 | $2,474.37 |
| 9/30/2014 | Self-Reported | 8/10/2015 | $1,061.17 | $2,219.38 |
| 12/31/2014 | Self-Reported | 8/10/2015 | $1,310.77 | $2,721.91 |
| 9/30/2015 | Self-Reported | 12/28/2015 | $6,498.32 | $12,907.45 |
| 12/31/2015 | Self-Reported | 9/5/2016 | $10,046.87 | $22,307.69 |
| 3/31/2016 | Self-Reported | 9/12/2016 | $6,758.37 | $14,084.83 |
| 6/30/2016 | Self-Reported | 11/14/2016 | $7,654.92 | $15,287.53 |
| 9/30/2016 | Self-Reported | 1/9/2017 | $7,659.08 | $11,917.73 |
| 12/31/2016 | Self-Reported | 4/3/2017 | $9,041.99 | $16,630.14 |
| 3/31/2017 | Self-Reported | 7/10/2017 | $7,827.69 | $14,268.68 |

| Tax Period Ending | Basis of Assessment | Date of Assessment | Amount of tax Assessment | Outstanding Balance as of 6/7/2023 |
|---|---|---|---|---|
| 6/30/2017 | Self-Reported | 9/25/2017 | $6,587.06 | $11,900.83 |
| 9/30/2017 | Self-Reported | 1/8/2018 | $8,828.88 | $16,744.94 |
| 12/31/2017 | Self-Reported | 4/16/2018 | $9,823.28 | $18,393.87 |
| 3/31/2018 | Self-Reported | 7/9/2018 | $7,062.37 | $12,742.94 |
| 6/30/2018 | Self-Reported | 10/29/2018 | $8,361.18 | $15,321.13 |
| 9/30/2018 | Self-Reported | 2/25/2019 | $8,241.88 | $14,904.69 |
| 12/31/2018 | Self-Reported | 4/1/2019 | $6,079.69 | $10,202.36 |
| 3/31/2019 | Self-Reported | 7/8/2019 | $4,643.32 | $7,940.40 |
| 6/30/2019 | Self-Reported | 9/30/2019 | $6,256.09 | $10,517.44 |
| 9/30/2019 | Self-Reported | 12/30/2019 | $6,560.85 | $10,825.12 |
| 12/31/2019 | Self-Reported | 4/6/2020 | $7,060.94 | $11,089.00 |
| 3/31/2020 | Self-Reported | 11/2/2020 | $5,152.50 | $8,329.68 |
| 6/30/2020 | Self-Reported | 3/1/2021 | $4,046.30 | $6,694.54 |
| 9/30/2020 | Self-Reported | 3/1/2021 | $4,233.28 | $6,713.21 |
| 12/31/2020 | Self-Reported | 6/21/2021 | $4,243.74 | $6,684.80 |
| 3/31/2021 | Self-Reported | 9/13/2021 | $3,054.15 | $4,719.94 |
| 6/30/2021 | Self-Reported | 10/18/2021 | $3,935.60 | $4,072.34 |
| **Total** | | | | $296,342.29 |

b. Mr. Griffin has been assessed the following Form 940 tax liabilities:

| Tax Period Ending | Basis of Assessment | Date of Assessment | Amount of tax Assessment | Outstanding Balance as of 6/7/2023 |
|---|---|---|---|---|
| 12/31/2012 | Self-Reported | 7/8/2013 | $402.00 | $833.11 |
| 12/31/2014 | Self-Reported | 8/17/2015 | $173.25 | $1,473.88 |
| | Examination | 6/5/2017 | $519.75 | |
| 12/31/2015 | Self-Reported | 9/9/2016 | $588.00 | $1,183 |
| 12/31/2016 | Self-Reported | 5/1/2017 | $504.00 | $824.04 |
| 12/31/2017 | Self-Reported | 5/14/2018 | $567.00 | $954.04 |
| 12/31/2018 | Self-Reported | 4/22/2019 | $126.00 | $187.67 |
| 12/31/2019 | Self-Reported | 7/20/2020 | $84.00 | $118.05 |
| 12/31/2020 | Self-Reported | 6/28/2021 | $134.19 | $189.29 |

| Tax Period Ending | Basis of Assessment | Date of Assessment | Amount of tax Assessment | Outstanding Balance as of 6/7/2023 |
|---|---|---|---|---|
| Total | | | | $5,763.08 |

24. The outstanding balance amount in paragraph 23 includes accrued taxes, penalties, interest, payments, credits, and other adjustments through June 7, 2023.

25. Timely notice and demand for payment of the assessments set forth in paragraph 23 has been made on Mr. Griffin as required by 26 U.S.C. § 6303.

26. Despite proper notice and demand for payment of the assessments referred to in paragraph 23, Mr. Griffin has neglected, failed, or refused to make full payment of the amounts assessed against him.

27. Since the date of the assessments described in paragraph 23, the total amount due and owing on the Form 941 assessments is $296,342.29 and on the Form 940 assessments is $5,763.08 as of June 7, 2023. This balance continues to accrue daily.

28. Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Mr. Griffin for the unpaid balance of the assessed amounts described in paragraph 23, plus statutory interest and other additions accruing to the date of payment.

**Count II: Reduce to Judgment the Federal Personal Tax Assessments Against Defendants**

29. On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Mr. Griffin and Mrs. Griffin jointly for unpaid federal income taxes (Form 1040A), penalties, interest, and other statutory additions as follows:

| Tax Period Ending | Basis of Assessment | Date of Assessment | Amount of tax Assessment | Outstanding Balance as of 6/7/2023 |
|---|---|---|---|---|
| 12/31/2009 | Examination | 8/5/2013 | $3,673.00 | $54,702.38 |
| 12/31/2012 | Self-Reported | 11/18/2013 | $32,911.00 | $55,090.44 |

| Tax Period Ending | Basis of Assessment | Date of Assessment | Amount of tax Assessment | Outstanding Balance as of 6/7/2023 |
|---|---|---|---|---|
| 12/31/2013 | Self-Reported | 11/24/2014 | $36,463.00 | $59,910.57 |
| 12/31/2014 | Self-Reported | 11/23/2015 | $33,499.00 | $54,590.18 |
| 12/31/2015 | Self-Reported | 11/21/2016 | $25,299.00 | $39,324.79 |
| 12/31/2016 | Self-Reported | 11/20/2017 | $40,832.00 | $60,677.39 |
| 12/31/2017 | Self-Reported | 11/19/2018 | $52,210.00 | $76,694.39 |
| 12/31/2018 | Self-Reported | 11/11/2019 | $50,081.00 | $70,466.45 |
| 12/31/2019 | Self-Reported | 11/16/2020 | $60,515.00 | $79,723.24 |
| 12/31/2020 | Self-Reported | 11/15/2021 | $58,514.00 | $51,458.88 |
| 12/31/2021 | Self-Reported | 11/11/2022 | $59,313.00 | $63,450.25 |
| **Total** | | | | $666,088.96 |

30. For tax years 2012 through 2021 the tax liabilities described in paragraph 29, above, are based upon the Defendants' self-reported tax returns.

31. Timely notice was given and demand for payment of the assessments set forth in paragraph 29 was made to the Defendants, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

32. Despite timely notice and demand for payment of the tax assessments described in paragraph 29 the Defendants have neglected, refused, or failed to make full payment of the assessed amounts to the United States.

33. The Defendants remain indebted for the balance of the assessments described in paragraph 29 plus accrued interest and statutory additions according to law, less any payments or credits.

34. Since the date of the assessments described in paragraph 29 interest has accrued as provided by law. The total amount due and owing on the assessments described in paragraph 29 plus accrued but unassessed interest, computed to June 7, 2023, is $666,088.96.

**Count III: Permanent Injunction Under 26 U.S.C. § 7402(a) Against Mr. Griffin**

35. Even though Mr. Griffin has been assessed for the unpaid employment taxes and federal income tax withholding, he has not come into compliance, and his unpaid tax balances continue to accrue.

36. Since 2008, the IRS has attempted to collect delinquent employment and unemployment taxes and federal income tax withholdings from Mr. Griffin. From that time, Mr. Griffin has repeatedly and chronically failed to meet or comply with his federal tax obligations. Tax liabilities continue to accrue.

37. The IRS has made repeated efforts to administratively collect the unpaid liabilities and encourage Mr. Griffin to comply with the requirements of the Internal Revenue Code. These efforts include issuing administrative levies and summoning bank account records.

38. An IRS revenue officer notified Mr. Griffin of the IRS's intent to levy on his assets for unpaid Form 941 and Form 940 taxes through multiple "Intent to Levy" letters mailed between March 2013 and November 2021.

39. In addition, the IRS has tried other methods to bring Mr. Griffin into compliance. The revenue officer has made multiple field calls, and Mr. Griffin has been repeatedly admonished to comply with his tax obligations. Additionally, the IRS issued numerous notices of federal tax liens between December 2015 and January 2021 for Mr. Griffin's outstanding employment tax liabilities. But despite the IRS expending significant time and resources attempting to collect Mr. Griffin's outstanding tax liabilities and attempting to get Mr. Griffin to comply with his withholding and reporting requirements, Mr. Griffin has refused to comply with his tax obligations.

40. Mr. Griffin continues to operate and incur additional employment taxes. Mr. Griffin is required to make monthly deposits and file quarterly returns but has failed to consistently do so, and his employment tax liabilities continue to grow.

41. This action is brought under 26 U.S.C. § 7402(a), which authorizes a district court of the United States to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

42. Suits for injunctions are appropriate against employers and their responsible officers who have engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability. *See, e.g.*, *United States v. Molen*, No. CIVS-03-1531 DFL GGH, 2003 WL 23190606, at *6 (E.D. Cal. Dec. 12, 2003); *United States v. Thompson*, No. CIV 03-1532 FCD GGH, 2003 WL 23309468, at *1 (E.D. Cal. Sept. 12, 2003).

43. Mr. Griffin substantially interfered with and continues to substantially interfere with the administration of the federal employment tax laws by failing to pay his employment tax obligations as required by 26 U.S.C. §§ 3012(a), 3111, 3301, and 3402, and by failing to make his employment tax deposits as required by 26 U.S.C. § 6302. He also substantially interfered with and continues to substantially interfere with the administration of the federal employment tax laws by failing to consistently file his employment and unemployment tax returns as required under 26 U.S.C. §§ 6011 and 6071.

44. Despite repeated attempts over many years, the IRS has been unable to prevent Mr. Griffin from pyramiding employment tax liabilities. The United States lacks an adequate remedy at law to prevent continued pyramiding by Mr. Griffin. A money judgment for existing unpaid tax liabilities cannot prevent Mr. Griffin from continuing to accrue new unpaid liabilities.

45. The United States has suffered, and will continue to suffer, irreparable harm as a result of Mr. Griffin's violation of federal statutes, including but not limited to: (a) the loss of tax revenue, including the loss of income, FICA, FUTA, and Medicare taxes for which Mr. Griffin's employees have already received credit; (b) the drain on limited IRS resources due to the extensive required oversight of the Mr. Griffin; and (c) the harm to the internal revenue system as a whole when other entities see Mr. Griffin's continued noncompliance with the federal laws.

46. Mr. Griffin will suffer no cognizable harm by being required to comply with the federal employment tax laws.

47. An injunction in this case would serve the public interest. The federal tax system relies on employers to collect and remit income, FICA, FUTA, and Medicare taxes paid by their employees. Mr. Griffin's failure to comply with the federal tax laws undermines their efficacy. It also acts as an involuntary subsidy of Mr. Griffin by the taxpayers of the United States to the disadvantage of Mr. Griffin's law-abiding competitors. Thus, enjoining Mr. Griffin will protect the public interest in the fair administration of the internal revenue laws and in fair competition by halting Mr. Griffin's wrongful practices.

48. In the absence of an injunction backed by the Court's contempt powers, Mr. Griffin is likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding employment taxes to the detriment of the United States.

**REQUEST FOR RELIEF**

Accordingly, the United States respectfully requests the Court:

A. Enter judgment in the United States' favor and against Mr. Griffin for the federal employment tax (Form 941) assessments for the following tax periods: March 31, 2014; June 30, 2014; September 30, 2014; December 31, 2014; September 30, 2015; December 31, 2015; March 31, 2016; June 30, 2016; September 30, 2016; December 31, 2016; March

31, 2017; June 30, 2017; September 30, 2017; December 31, 2017; March 31, 2018; June 30, 2018; September 30, 2018; December 31, 2018; March 31, 2019; June 30, 2019; September 30, 2019; December 31, 2019; March 31, 2020; June 30, 2020; September 30, 2020; December 31, 2020; and March 31, 2021; and for the federal unemployment tax (Form 940) assessments for the following tax periods: December 31, 2012; December 31, 2014; December 31, 2015; December 31, 2016; December 31, 2017; December 31, 2018; December 31, 2019; and December 31, 2020. Cumulatively, the employment and unemployment tax assessments amount to $302,105.37 as of June 7, 2023, plus interest and statutory additions under 26 U.S.C. §§ 6601, 6621, and 6622, which have accrued and will continue to accrue according to law from the dates of assessment until judgment is paid, less any payments and credits;

B. Enter judgment in the United States' favor and against Mr. Griffin and Mrs. Griffin for the assessments for the 2009, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021 tax years, in the amount of $666,088.96, as of June 7, 2023, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law

C. Find that Mr. Griffin has engaged and is engaging in conduct that interferes with the enforcement of the internal revenue laws;

D. Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Mr. Griffin from interfering with the enforcement of the internal revenue laws;

E. Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

1. Mr. Griffin and any other employer entity he controls shall withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2. Mr. Griffin and any other employer entity he controls shall make bi-weekly (after each payroll) federal tax deposits for employment taxes and withholdings, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3. Mr. Griffin and any other employer entity he controls shall timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4. Mr. Griffin shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, within two banking days after each required federal tax deposit is due, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each bi-weekly pay period;

5. Mr. Griffin and any other employer entity he controls shall timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Mr. Griffin shall provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing;

6. Mr. Griffin and any other employer entity he controls shall timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

    7. Mr. Griffin is enjoined from paying other creditors or from transferring, disbursing, or assigning any money, property, or assets after the date of the injunction order until after such time as the required deposits described in paragraphs E-1 and E-2, and any liabilities described in paragraph E-6, have been paid in full, for any tax period ending after the injunction is issued;

    8. Mr. Griffin is enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of his employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

    9. Mr. Griffin shall permit a representative from the IRS to inspect his books and records periodically, with two business days' notice of each inspection;

    10. Mr. Griffin shall timely pay, in accordance with a payment schedule agreed to by the United States and entered by the Court, the employment tax and withholding liabilities with respect to returns first due prior to issuance of the injunction.

    11. For the five-year period beginning on the date this injunction order is entered, Mr. Griffin shall notify, in writing, such revenue officer as the IRS designates, if Mr. Griffin comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph E shall apply to any employer entity controlled by Mr. Griffin.

F. Require Mr. Griffin to deliver to all their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

G. Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

H. Order that, if Mr. Griffin violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have ten days after notification is sent to cure the violation;

1. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer.

2. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Mr. Griffin, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Mr. Griffin should not be held in contempt of this injunction and why Mr. Griffin should not be ordered to cease doing business immediately and why Mr. Griffin should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

I. Grant the United States such other and further relief as the Court deems just and proper, including costs and fees.

///

///

Respectfully submitted June 27, 2023.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Chelsea Bissell*
CHELSEA E. BISSELL
Trial Attorney, Tax Division
U.S. Department of Justice